NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1551
(Serial No. 11/066,554)

IN RE DAVID T. PELZ

Howard N. Flaxman, Welsh & Flaxman LLC of Alexandria, Virginia, for appellant.

Raymond T. Chen, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, for the Director of the United States Patent and Trademark Office. With him on the brief were Janet A. Gongola and Frances M. Lynch, Associate Solicitors.

Appealed from:  United States Patent and Trademark Office
                Board of Patent Appeals and Interferences

NOTE:  This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2009-1551
(Serial No. 11/066,554)

IN RE DAVID T. PELZ

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

———————————————

DECIDED:  May 7, 2010

———————————————

Before BRYSON, DYK, and PROST, Circuit Judges.

PER CURIAM.

David T. Pelz ("Pelz") appeals from a final decision of the United States Patent and Trademark Office, Board of Patent Appeals and Interferences ("Board").  The Board found claims 1-10 of Pelz's Application Serial No. 11/066,554 ("the '554 application") unpatentable as anticipated.  See Ex parte Pelz, No. 2009-0488 (B.P.A.I. Mar. 31, 2009) ("Initial Decision"); see also Ex parte Pelz, No. 2009-0488 (B.P.A.I. June 5, 2009) ("Final Decision").  We affirm.

## BACKGROUND

Pelz's patent application is directed to a golf training mat for practicing shots associated with a golfer's short game, which include wedge, sand, and chip swings. The training mat has a ball striking surface with printed markings associated with foot and ball positioning for three different short swings.  Figure 1 of the specification is depicted below:



Figure 1.

J.A. 119. Figure 1 shows a top view of the disclosed golf training mat. The mat includes "a first position marking 100 for practicing a wedge swing . . . , a second position marking 200 associated with practicing a sand swing . . . and a third position marking 300 for practicing a chip swing." J.A. 22. The parties treat claim 1, the only independent claim, as representative of the appealed claims. Claim 1 reads as follows:

> Claim 1: A golf training mat for practicing short game shots <u>including</u> a wedge swing, a sand swing and a chip swing, <u>consisting essentially of</u>:
>
> a ball striking surface <u>including</u> markings associated with foot and ball positioning:
>
> a first position marking including a front foot marking, a rear foot marking and a ball marking, the front foot marking and the rear foot marking being positioned along an alignment axis, wherein the ball marking is positioned substantially between the front foot marking and the rear foot marking along a line substantially perpendicular to the alignment axis;

a second position marking including a front foot marking, a rear foot marking and a ball marking, the front foot marking and the rear foot marking being positioned along an alignment axis, wherein the ball marking is positioned substantially in line with the front foot marking along a line substantially perpendicular to the alignment axis;

a third position marking including a front foot marking, a rear foot marking and a ball marking, the front foot marking and the rear foot marking being positioned along an alignment axis, wherein the ball marking is positioned substantially in line with the rear foot marking along a line substantially perpendicular to the alignment axis.

Initial Decision, slip op. at 2-3 (emphases added).

In a first office action, the Examiner rejected claims 1-10 under 35 U.S.C. § 102(b) as being anticipated by U.S. Patent No. 5,645,494 ("Dionne"). Dionne discloses an instructional golf mat for improving a wide variety of golf swings. The top surface of Dionne's mat is covered by horizontal and vertical lines, which form a grid pattern of squares, and which can be used to adjust ball placement and foot positions depending on the type of club and shot being practiced. It also includes horizontal and vertical swing path lines, which enable the golfer to gauge the direction of the club's swing. The mat also includes adjustable tee locations along the swing path lines. The horizontal and vertical reference lines of Dionne provide position markings, including front foot markings, rear foot markings, and ball markings. These markings include the first, second, and third positions covered by the claims of Pelz's application.

In response to the rejection, Pelz amended the preamble of claim 1 to read: "A golf training mat for practicing short game shots including a wedge swing, a sand swing and a chip swing, consisting essentially of," whereas it formerly read: "A golf training mat for practicing short game shots comprising." Appellant's Br. 6. The Examiner did not withdraw the initial rejection and subsequently issued a Final Rejection.

Pelz appealed to the Board, which affirmed the Examiner's rejection based on Dionne. The Board construed representative claim 1, finding that it is directed to a golf training mat "consisting essentially of" a ball striking "surface including markings," and "that the markings include first, second and third foot and ball positions." Initial Decision, slip op. at 6 (emphasis in original). The Board found that the "consisting essentially of" language refers to the ball striking surface, and that the transition word "including" refers to the markings. Id. As such, the Board concluded that "the recitation in the claim that the markings include first, second, and third foot and ball positions does not foreclose the inclusion of additional markings." Id. The Board found that Dionne discloses a golf training mat having all of the limitations of representative claim 1. Id. at 5. The Board also "assum[ed] for the sake of argument" that the phrase "consisting essentially of" applied not to the mat but to the three sets of markings, and found that under such a construction, Dionne would still anticipate because the additional markings of Dionne would not affect the basic and novel characteristics of Pelz's claimed invention. Id. at 6-7; see also In re Herz, 537 F.2d 549, 551-52 (CCPA 1976) (noting that the transitional phrase "consisting essentially of" permits some additional elements, but excludes additional unspecified materials or steps that would "materially affect the basic and novel characteristic(s)" of the claimed invention). Pelz requested rehearing, which the Board denied. Pelz timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A) and 35 U.S.C. § 141.

## DISCUSSION

Claims are given their "broadest reasonable interpretation" during prosecution and this court reviews the Board's interpretation of disputed claim language to

determine whether it is "reasonable" in light of the specification.  See In re Morris, 127 F.3d 1048, 1055 (Fed. Cir. 1997).  Anticipation is a question of fact that is reviewed for substantial evidence.  In re Gartside, 203 F.3d 1305, 1315 (Fed. Cir. 2000).  To anticipate a claim, a single prior art reference must expressly or inherently disclose each claim limitation.  Celeritas Techs., Ltd. v. Rockwell Int'l Corp., 150 F.3d 1354, 1361 (Fed. Cir. 1998).

Pelz argues that the Board erred in its construction of representative claim 1 and therefore improperly found claims 1-10 of the '554 application to be anticipated.  Pelz contends that the Board improperly applied the closed nature of the transition phrase "consisting essentially of" to only a portion of the claim—the ball striking surface.  Pelz argues that under a proper construction, any training mat anticipating the claimed mat must "consist essentially of" a ball striking surface, a first position marking, a second position marking, and a third position marking.  He then argues that Dionne does not disclose the invention of claim 1 because Dionne's golf mat includes a broad range of markings for a wider range of golf shots.

We agree with the Board's claim construction.  Contrary to Pelz's reading, claim 1 does not specify that the markings on the golf training mat consist essentially of first, second, and third foot and ball position markings.  Rather, claim 1 states that the mat consists essentially of a "surface including markings" and that the markings "include" first, second, and third foot and ball positions.  Such a construction is reasonable in view of Pelz's use of the open-ended transition "including" after the structural limitation "ball striking surface" in claim 1.  See SanDisk Corp. v. Memorex Prods., Inc., 415 F.3d 1278, 1284 (Fed. Cir. 2005) ("Neither includes, nor comprising, forecloses additional

elements that need not satisfy the stated claim limitations."); see also Mannesmann Demag Corp. v. Engineered Metal Prods. Co., 793 F.2d 1279, 1282-83 (Fed. Cir. 1986) (holding that an overall transitional phrase does not trump later transitional language). It is reasonable to find that this open-ended term naturally refers to the next word— "markings." Under such a construction, the surface may feature additional markings not explicitly listed.

The preamble of claim 1 confirms this construction as it recites that the claimed mat is for "practicing short game shots including a wedge swing, a sand swing and a chip swing." The transition term "including" implies that claim 1 contemplates additional shots besides the three listed. It therefore flows logically that the body of the claim would also leave open the possibility for additional foot and ball positions to accommodate additional shots. Pelz's choice of punctuation for the claim also supports the Board's construction. He used a colon after the transition phrase "consisting essentially of," which indicates that a list of particulars was to follow. Following the colon, there was only one component—the ball striking surface. Pelz then used a second colon after the phrase "including markings associated with foot and ball positioning" to list the positions printed on the striking surface. Within that list, Pelz used semicolons to separate the particulars for that list. The punctuation indicates that the three positions are exemplary subsets. Pelz's construction is inconsistent with the punctuation he chose for this claim.

Therefore, we conclude that the Board reasonably construed the claims and found that Dionne anticipates. We affirm the rejection of claims 1-10 under 35 U.S.C. § 102(b) as anticipated.

COSTS

No costs.